UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

H. RICHARD FRUEHAUF, JR.,

       Plaintiff,

v.                                                          Case Number 07-11767-BC
                                                          Honorable Thomas L. Ludington

FRUEHAUF PRODUCTION COMPANY,
L.L.C.,

       Defendant.
_____/

## **ORDER AUTHORIZING LIMITED DISCOVERY**

This long-running dispute between father and son involves Plaintiff H. Richard Fruehauf, Jr. and his son's company, Defendant Fruehauf Production Company, L.L.C. Plaintiff filed suit to enforce an arbitration award under 9 U.S.C. § 9, and Defendant relies on 9 U.S.C. § 10 to assert defenses of fraud, undue means, or corruption.

Now pending before the Court is Defendant's request to pursue discovery to support its defenses. Courts have a limited role in reviewing arbitration decisions, but they maintain an obligation to oversee discovery. *See Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 328 (6th Cir. 1988); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991); Fed. R. Civ. P. 26(b)(1). In order to make that determination, on June 2, 2008, the Court directed Defendant to provide supplemental briefing on the factual basis it advances to justify discovery in these proceedings and its theory regarding how that factual basis constitutes a ground for challenging an arbitration award. The parties then provided supplemental briefing as directed by the Court.

In its briefing, Defendant identifies a sole factual basis that it alleges requires discovery: a purported discrepancy between testimony before the arbitration panel by Douglas Rasmussen and invoices from Paula Manis. More specifically, Defendant maintains that Rasmussen's testimony about how he learned about litigation in Delaware is inconsistent with discussions about that litigation between Manis and Rasmussen, as shown by invoices from Manis. The arbitration award at issue here involves the proceeds of the settlement of the Delaware litigation. Despite general allusions to its other theories regarding the underlying proceedings, Defendant provides no other factual basis that might form the foundation for its asserted defenses. The alleged inconsistency between Rasmussen's testimony and Manis' invoices, however, does provide a ground for discovery. Accordingly, the Court will permit the parties to engage in discovery limited to that contention by Defendant.

Accordingly, it is **ORDERED** that the parties may engage in discovery limited to the alleged inconsistency between Rasmussen's testimony and Manis' invoices. Discovery shall be completed on or before **October 7, 2008**. Subject to further order of the Court and in addition to the preceding topical limitation, discovery shall be limited to the depositions of Douglas Rasmussen, Paula Manis, and Plaintiff and to document discovery constrained to documents related to the alleged inconsistency between Rasmussen's testimony and Manis' invoices.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: August 11, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 11, 2008.

        s/Tracy A. Jacobs
        TRACY A. JACOBS